UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARNELIUS R. HILL, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>LAKE COUNTY SHERIFF'S )<br>OFFICE, *et al.*, )<br>)<br>Defendants ) | Cause No. 2:07-CV-129 RM |

OPINION AND ORDER

Darnelius Hill, a *pro se* prisoner confined at the Lake County Jail, submitted a complaint under 42 U.S.C. § 1983, naming the Lake County Sheriff's Department and Custody Officers Jeff Stillwell, Jonathan Stillwell, William Brown, Alfonzo Randle, and Kristine Burke as defendants. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief.

>Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

>Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 2007 U.S. LEXIS 5901, 20-22 (2007) (quotation marks, ellipsis, citations and footnote omitted).

>While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n. 3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation."

*Id.* at ___. *citing* Papason v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Hill brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state

2

law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

According to the complaint, on the morning of December 2, 2006, Officers Brown and Calvery conducted a strip search of Mr. Hill's cell. During the course of this search, they stripped him of his jail uniform and when they found no contraband, they left him naked in his cell for two hours. After the shift change, he asked for his clothing back. Thirty minutes later, Officers Stillwell, Randle, and Burke brought his clothing to his cell. Mr. Hill alleges that these officers then used excessive and unnecessary force on him by punching and kicking him many times, causing him pain and injury.

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Conner, 490 U.S. 386, 394, (1989). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Robinson v. Moses, 644 F. Supp. 975 (N.D. Ind. 1986). Because Mr. Hill states that he was at the jail serving time on a conviction, his excessive use of force claim arises under the Eighth Amendment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). Giving Mr. Hill the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim against the defendants he alleged punched and kicked him under the standards set forth in Hudson v. McMillian, 503 U.S. 1 (1992). In the body of his complaint, he states that Officer Stillwell was one of the officers who beat him. It is unclear whether this was Jeff or Jonathan Stillwell. Giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court will allow him to proceed against both Stillwells.

Mr. Hill also names Custody Officer William Brown as a defendant because he left Mr. Hill without clothing for two hours after the strip search. There is "a *de minimis* level of imposition with which the Constitution is not concerned," Ingraham v. Wright, 430 U.S. 651, 674 (1977). Conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations, Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971); Del Raine v. Williford, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring), and conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See* Jones-Bey v. Wright, 944 F.Supp. 723, 732 (N.D. Ind. 1996). Leaving Mr.

Hill in a cell for two hours without clothing did not constitute an injury sufficiently serious to deprive him of the minimal civilized measure of life's necessities.

Finally, Mr. Hill names the Lake County Sheriff's Department as a defendant. As the municipal entity employing the individual defendants, Lake County could be a proper official capacity defendant in a § 1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978). But municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Id.* at 694. For liability to attach against a municipality under § 1983, a plaintiff must show that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997).  ("Plaintiff must show that municipal policymakers made a "deliberate choice" among various alternatives and that the injury was caused by the policy. Pemaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). Nothing in Mr. Hill's complaint suggests that defendants Stillwell, Randle, and Burke beat him without reason as a result of a policy or practice established or sanctioned by municipal officials. Accordingly, he has not stated an official capacity damage claim against Lake County or its Sheriff's Department.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Jeff Stillwell, Johathan Stillwell, Alfonzo Randle, and Kristine Burke in their individual capacities for damages on his Eighth Amendment excessive use of force claim;

(2) DISMISSES all other claims, and DISMISSES defendants Lake County Sheriff's Department and  William Brown pursuant to 28 U.S.C. § 1915A(b)(1);

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Jeff Stillwell, Johathan Stillwell, Alfonzo Randle, and Kristine Burke on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: May  31 , 2007

                                /s/ Robert L. Miller, Jr.  
                               Chief Judge  
                               United States District Court